UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| NANCY MAYEDA-BRESCIA,<br>　　Plaintiff, | : <br> : <br> : | CIVIL CASE NO.<br>3:19-CV-900 (JCH) |
| v. | : <br> : | |
| HARTFORD PUBLIC SCHOOLS, ET AL,<br>　　Defendants. | : <br> : | MAY 6, 2021 |

**RULING RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (DOC. NO. 31)**

On January 11, 2021, the defendants in this case filed a Motion for Summary Judgment along with Statement of Material Facts Not in Dispute, and Memorandum of Support.  See Defendants' Motion for Summary Judgment ("MFSJ") (Doc. No. 31); Statement of Material Facts ("Def.['s] L.R. 56(a)(1)") (Doc. No. 32); Memorandum in Support ("Mem. in Supp.") (Doc. No. 33).  To date, the counseled plaintiff has failed to file any opposition or response to the Motion.  Upon review of the defendants' Motion and supporting materials, and absent objection, the courts grants the defendants' Motion.

**I.　　BACKGROUND**

Currently pending before the court, after ruling on a partial Motion to Dismiss, are the plaintiff's claims for gender and race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") against the municipal defendants, Hartford Public School and City of Hartford.  See Ruling (Doc. No. 27).  The plaintiff was fired by her employer

1

Hartford Board of Education ("Board")[1] as a full-time school nurse in one of the Board's school-based health clinics.  See Def['s] L.R. 56(a)(1) at para. 4.[2]

The plaintiff alleges that she was terminated because of race and gender discrimination.  Further, she alleges a retaliation claim, all under Title VII.  The defendants have moved for summary judgment on various grounds:  first that the filing of her administrative complaint was untimely; second, she has come forward with no evidence which upon which a reasonable jury could find discrimination or retaliation; and, further, that neither of the named defendants was the plaintiff's employer.

Taking the facts from the unopposed 56(a)(1) Statement of the defendants, which relies on an Affidavit as well as an un-responded-to, and thus admitted, Requests for Admissions, the plaintiff was employed by the Hartford Board of Education as a full-time school nurse. While employed, she gave a birth-control medication via injection to a 17-year-old student.  Proper procedure requires that the person receiving this injection be tested for pregnancy before administering the medication.  On April 24, 2017, the plaintiff conducted a pregnancy test before administering the medication.  However, on July 10, 2017, the plaintiff administered the medication without testing the student.  The student subsequently learned she was pregnant at the time the second dose of medication was administered in July.  Upon learning of this, the Board conducted an investigation and held a hearing.  At that hearing the plaintiff admitted she had not conducted the pregnancy test prior to administering medication.  The plaintiff was

---

[1]  Plaintiff has sued Hartford Public Schools and the City of Hartford.

[2]  The plaintiff, having failed to respond to the Motion for Summary Judgment, likewise failed to respond to the defendants' 56(a)(1) Statement.  Thus, under the Local Rules, any well-pleaded facts in defendants' 56(a)(1) Statement are deemed admitted and true for purposes of the summary judgment motion.

terminated on December 20, 2017, because of her failure to follow the school-based Health Clinic's Policies and Procedures. On October 26, 2018, the plaintiff filed a complaint with the Connecticut Commission on Human Rights and Opportunities ("CHRO"), which filing was a dual filing with the United States Equal Employment Opportunity Commission ("EEOC").

The plaintiff filed a six-count Complaint against numerous defendants, including the Hartford Public Schools and the City of Hartford. After untimely service by the plaintiff, the defendants filed a Motion to Dismiss. The court granted that Motion and the result was that there was one claim remaining, Count One, which alleges a violation of Title VII as to the Hartford Public Schools and the City of Hartford. That claim is based on an allegation that her termination was based on race and gender, as well as in retaliation for her complaints about the defendants' conduct.

## II.   LEGAL STANDARD

The substantive standard used for disparate treatment claims under Title VII is set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). Under that framework, a plaintiff first must establish a prima facie case of discrimination. See Weinstock v. Columbia Univ., 224 F.3d 33, 42. In order to assert a prima facie case of discrimination, a plaintiff must plead and prove "(1) she is a member of a protected class; (2) she is qualified for her position; (3) she suffered an adverse employment action; and (4) the circumstances give rise to an inference of discrimination." Id.

If a plaintiff establishes a prima facie case of discrimination, the burden shifts to the employer, who must produce evidence of a legitimate, nondiscriminatory reason for its actions. Shumway v. United Parcel Svc., Inc., 118 F.3d 60, 63 (2d Cir. 1997).

The plaintiff then bears the burden of proving, based on all the evidence, that the defendant's articulated explanation is pretext for a discriminator motive. The plaintiff must then produce sufficient evidence to support a rational finding that the legitimate, nondiscriminatory reasons proffered by the employer were false, and that, "more likely than not [discrimination] was the real reason for the discharge." Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 714 (2d Cir. 1996). (internal quotations omitted, alteration in original).

A retaliation claim under Title VII is analyzed under the same McDonnell Douglas burden shifting framework as described above.

### III.    DISCUSSION

As to the first grounds of the defendants' Motion, the court agrees that the final administrative exhaustion filing was untimely. The plaintiff was incontestably terminated on December 20, 2017, and made no administrative filing until October 26, 2018. That period of time exceeds the 300 days permitted under the statute. Title 42 U.S.C. Section 2000e-5(e)(1). For this reason alone, the defendant's Motion for Summary Judgment is granted on the remaining claims in the plaintiff's Complaint.

Second, the court finds that there is no evidence before this court upon which a reasonable jury could find in the plaintiff's favor on her race and gender claims. As noted earlier, the plaintiff has provided no evidence to support her claims, and she has failed to oppose the summary judgment motion. Further the Motion's supporting materials clearly demonstrate that the plaintiff was terminated for violation of policy, which violation included placing a student patient at risk. In addition, there is no evidence before the court to demonstrate that her termination was anything other than for the purpose as articulated by the defendants. Finally, there is no evidence linking

4

plaintiff's termination to gender or race.  For these reasons, the summary judgment is granted for the defendants as to the race and gender claims.

As to the plaintiff's termination claim, again she has come forward with no evidence upon which a reasonable jury could find that the defendants stated reason for her termination was pretextual or that she engaged in any protected activity that was the cause of her termination. Therefore, her claim for retaliation fails, and summary judgment is granted.

Finally, it bears noting that the defendants in this case are not the employers of the plaintiff.  At all times, the plaintiff was employed by the Hartford Board of Education, which the plaintiff did not name in her lawsuit.  There is no evidence before this court that the "City of Hartford" or the "Hartford Public Schools" had any involvement in her termination.  Therefore, in addition to her claims being untimely and without merit, summary judgment is granted for the two named remaining defendants on the grounds that no Title VII claim can be brought against a non-employer.

For the foregoing reasons, defendant's Motion for Summary Judgment (Doc. No. 31) is granted. The Clerk is directed to close this case.

**SO ORDERED.**

Dated at New Haven, Connecticut this 6th day of May 2021.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge